1. EXECUTOR—REMOVAL.
    Where a sole surviving executor has filed a voluntary petition in bankruptcy, and has delayed the administration of the estate, an order for his removal is properly granted.

In the matter of the estate of Asa Truesdell. Application for the removal of the executor. Granted.

George Wood, for petitioner.
Joseph A. Greene, for executor.

SOUTHARD, S. This proceeding comes before the court upon the application of Emma C. Truesdell as assignee of the rights, title, and interest of James H. Truesdell in and to the real and personal property of Asa Truesdell, deceased; the said James H. Truesdell being a son of Darius Truesdell, who was entitled under the last will and testament of the said deceased to certain properties and undivided interest therein.

The application is made by the said Emma C. Truesdell, as such assignee, to have Titus B. Truesdell, the sole surviving executor under the last will and testament of the decedent, removed, and the letters testamentary granted to him canceled and revoked. Sylvester B. Truesdell, who, with said Titus B. Truesdell, was also nominated in said last will and testament as an executor, although duly qualifying thereunder, has died subsequent to probate of said will, and prior to filing of the petition herein.

The grounds upon which the relief is prayed for are that the moneys and property of the estate of the decedent have been appropriated by the executors, and have been by them used to their own benefit, and not applied as provided by said will; that Titus B. Truesdell, as such executor, has denied that the petitioner has any rights as such assignee, and that the said executor has transferred his interests in the property to divers members of his own family, and that he is a bankrupt, and is not qualified to retain position of executor and trustee under said will; and that the circumstances of said executor are such that they do not afford adequate security to the petitioner, or to other persons interested in said estate, for the due administration thereof.

It appears from the inventory filed in this estate in Putnam county surrogate's office on or about January 11, 1878, that at that time there was upwards of $40,000 in personal property, in addition to the several parcels of real estate, which are by said will specifically bequeathed.

The widow of the decedent died prior to the filing of the petition herein. It appears that thereafter Titus B. Truesdell, as such executor, advertised for sale, and did sell, the real estate, the use of which was devised to the said widow during her life, and the sale thereof directed to be had after her death, and that the said executor has testified that he has received the money for that sale—in all, the sum of $3,000—and that he has distributed that sum among several members of his family, pursuant to an alleged assignment of his interests therein; and he has testified that the balance remaining, which he states is $700, his son holds for him, but he has taken no evidence of debt for it.

It appears from the evidence that while Sylvester B. Truesdell, during his life, appropriated some portions of the estate, these appropriations were known by the surviving executor a long time prior to the commencement of these proceedings, and that no action was taken by him to obtain restitution, except an alleged assignment by Sylvester B. Truesdell to Titus B. Truesdell of the interest of the said Sylvester B. Truesdell in and to this estate. The surviving executor

has testified that the only assets now existing in the estate are the balance of the proceeds from the sale of the property directed by said will to be sold, and which was sold to Fannie L. Pierce (formerly Fannie L. Davis), a daughter of decedent, and a legatee under said will, who is now living, and a parcel of real estate at Tarrytown, N. Y., which the executor has testified was at the time of his father's death in the form of a mortgage, which was subsequently foreclosed, and the property taken in the name of the executors of the estate, and which George Truesdell, also a legatee under said will, now holds in lieu of specific bequest made to him by that will. It appears that this sale was made by the executor in the face of a restraining order issued in an action by the petitioner herein against the two executors of said will, and that this order sought to restrain this executor from transferring the property which he sold during the pendency of that action. The executor has testified that, while the will of the decedent bequeathed to the widow certain bank stocks and cash, the use of which the decedent's widow was entitled to during her life or until she should remarry, the major part of the moneys, the use of which was so bequeathed to her, was used in paying an assessment on that bank stock. It appears by the will of decedent that after the sale of the property bequeathed to the widow for life, or until she should remarry, the proceeds of that sale should be equally divided between the decedent's children, and that after certain other specific bequests the residue and remainder of the decedent's property was devised and bequeathed to his children equally. It does not appear that any effort was made to collect the property of the decedent, which, as shown by the inventory, was in chattels, notes, accounts, mortgages, and money, nor that the executors ever took that property into possession. It further appears from the evidence that the surviving executor has denied that this petitioner, as assignee of James H. Truesdell, who is a son of a deceased son of Asa Truesdell, has any right or interest in the property of this estate, and that this executor did file a petition in bankruptcy, verified by his oath, in which he stated that he was a bankrupt, and it seems from the evidence taken together, that the estate of the decedent, the collection of the claims due to the estate, and the due administration of its affairs, has been neglected and not properly proceeded with, and that the circumstances are such that the petitioner and the other persons interested in this estate are not afforded adequate security, as it stands at present, for the due administration thereof.

It is therefore the decision of this court that the allegations of the petition have been sustained, and that a decree be entered revoking the letters testamentary heretofore issued in this estate on the 9th day of June, 1876, to Titus B. Truesdell and Sylvester B. Truesdell, as executors of the last will and testament of Asa Truesdell, deceased, and under which the said Titus B. Truesdell, by reason of the death of Sylvester B. Truesdell heretofore, is now the sole acting executor. Decree to be entered accordingly, and costs to be taxed upon notice.

Decreed accordingly.